IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *<br>*FOR THE USE AND BENEFIT OF*:<br>DURRETT-SHEPPARD STEEL COMPANY, INC. * | |
| PLAINTIFF                *                                                                      | CIVIL ACTION NO.: RDB-11-2410 |
| V.                           * | |
| SEF STAINLESS STEEL, INC.,     * | |
| DEFENDANT.        * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Durrett-Sheppard Steel Company, Inc. ("Plaintiff") brings this suit against SEF Stainless Steel, Inc.[1] ("Defendant"), seeking payment in connection with a construction project at Aberdeen Proving Grounds, Maryland. Essentially, Plaintiff contends that in connection with a Payment Bond executed under the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, it provided numerous construction materials to Defendant for which it has not been paid. In addition, Plaintiff alleges that it provided materials on other projects for which it also has not been paid. *See* Compl., ECF No. 1. Plaintiff filed the Complaint on August 27, 2011, and after Defendant failed to file an answer or otherwise plead, moved for an entry of default on November 21, 2011. ECF No. 12. On November 22, 2011, the Clerk of the Court entered an Order of Default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* ECF

---

[1] On November 30, 2011, Plaintiff filed a Stipulation of Dismissal with prejudice as to Defendants Federal Insurance Company and Forrester Construction Company. ECF No. 14. On December 2, 2011, that request was granted, and as a result, the only remaining Defendant is SEF Stainless Steel, Inc. Accordingly, the Clerk of the Court will be directed to change the case caption to reflect the dismissal.

No. 13. Presently pending before this Court is the Plaintiffs' Motion for Default Judgment. ECF No. 16. This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion for Default Judgment (ECF No. 16) will be GRANTED.

## STANDARD OF REVIEW

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If, after entry of default, the Plaintiff's Complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998); *see also Ryan*, 253 F.3d at 780-81. Although the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then turn to the determination of damages. *See Ryan*, 253 F.3d at 780-81. The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d. at 422. Federal Rule of Civil Procedure 54(c) limits the type and amount of damages that may be entered as a result of a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). In doing so, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010).

## ANALYSIS

In considering the present motion for default judgment, this Court must (1) determine whether the facts alleged in the Plaintiff's Complaint, taken as true, establish

liability on the part of the Defendant, and, if they do, (2) make an independent determination regarding the appropriate award of damages.

## I. DEFENDANT'S LIABILITY

Plaintiff alleges that it provided construction-related materials to Defendant for which it has not been paid. Furthermore, Plaintiff alleges that it sent numerous account statements to Defendant detailing the amounts due. Defendant never objected to those statements. Defendant received the Complaint on September 8, 2011, the Clerk entered default on November 21, 2011, and the Defendant has failed to respond or enter an appearance. Accordingly, all of the Plaintiffs' allegations—other than those pertaining to damages—are deemed admitted. Fed. R. Civ. P. 8(b)(6). "It is within the court's discretion to grant default judgment when a defendant does not respond or defend its case." *Mongue*, 751 F. Supp. 2d at 794. Accordingly, the Plaintiff's Motion for Default Judgment is GRANTED as to liability.

## II. DAMAGES

As noted, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In the present case, Plaintiffs' Complaint seeks a specified amount of damages in the amount of $33,660.06. This Court has held that as long as the defendant receives notice that some damages may be awarded, allegations and supporting affidavits regarding damages suffice to support a default judgment for money damages. *See Mongue v. Portofino Ristorante*, 751 F. Supp. 2d at 796-97. Here, Defendant had notice of the damages sought by

the Plaintiff through the Complaint, its own internal records, and the documents supporting Plaintiff's Motion for Default Judgment.

In its Motion for Default Judgment, Plaintiff maintains that on November 30, 2011, it received a credit in the amount of $10,000.00, and as a result, seeks the reduced amount of $23,660.01 plus interest in the amount of $5,048.78, plus costs in the amount of $460.00. The Plaintiff's affidavits in support of its request for default judgment are in order, *see* ECF No. 16-1, and this Court finds that the Plaintiff is entitled to the amount sought. Therefore, Plaintiff's Motion for Default Judgment is GRANTED as to the amount of damages.

## CONCLUSION

For the reasons stated above, the Plaintiff Durrett-Sheppard Steel Company, Inc.'s Motion for Default Judgment (ECF No. 16) is GRANTED.

Dated:     June 26, 2012

/s/_____
Richard D. Bennett
United States District Judge